IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SEBASTIAN SANCHEZ ALVARADO,

Petitioner,

v.

TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID VENTURELLA, in his official capacity as Acting Director, Immigration and Customs Enforcement; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY,[1]

Respondents.

**8:26CV597**

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Sebastian Sanchez Alvarado's ("Sanchez Alvarado") Petition for Writ of Habeas Corpus (Filing No. 1) pursuant to 28 U.S.C. § 2241. On July 27, 2026, ICE officers arrested Sanchez Alvarado following a traffic stop. Sanchez Alvarado is a native and citizen of Mexico currently detained in McCook, Nebraska. He states "Deportation officers determined" that he entered the United States without inspection, admission, or parole.[2] Sanchez Alvarado does not assert any facts to the contrary or state when or where he entered the country.

[1]The Clerk of Court is directed to update the petitioner's last name in the docket from "Alvarado Sanchez" to "Sanchez Alvarado" to match the petition (Filing No. 1). David Venturella should also be substituted for Todd Lyons as Acting Director of the United States Immigration and Customs Enforcement ("ICE"). *See* Fed. R. Civ. P. 25(d).

[2]According to the immigration record Sanchez Alvarado attached to his petition, "Form I-213," he has no lawful immigration status and is charged as inadmissible under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I).

The Court will deny his habeas petition because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and detention during his removal proceedings does not violate his due-process rights under the Fifth Amendment.

## I. DISCUSSION

### A. Habeas Corpus

The Court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Rasul v. Bush*, 542 U.S. 466, 473, 483 (2004). Because Sanchez Alvarado is reportedly detained within the geographical boundaries of this district, this Court possesses jurisdiction. *See* 28 U.S.C. § 2241(a).

While 28 U.S.C. § 2243 generally requires the Court to order a petitioner's immediate physical custodian to "show cause why the writ should not be granted," it need not do so if "it appears from the application that [Sanchez Alvarado] is not entitled" to relief. Here, the petition fails on its face because it appears from the application that he is not. *See id.*

### B. Mandatory Detention

Sanchez Alvarado begins his petition by dubiously asserting that "the issue is whether [he] should be mandatorily detained under 8 U.S.C. § 1225(b)(2) or under § 1226(a) and therefore be entitled to a bond hearing" (Filing No. 1). This Court has painstakingly explained to Sanchez Alvarado's counsel in at least three other cases that this argument is squarely foreclosed by *Avila v. Bondi*, 170 F.4th 1128, 1136-38 (8th Cir. 2026). *See Ramos-Verla v. Blanche*, No. 8:26CV551, 2026 WL 2838363 (D. Neb. Sept. 22, 2026); *Gonzalez-Valiente v. Blanche*, No. 8:26CV446, 2026 WL 2641793, at *1 (D. Neb. Sept. 8, 2026); *Raymundo v. Blanche*, No. 8:26CV430, 2026 WL 2640789, at *1 (D. Neb. Sept. 8, 2026).

Undeterred, counsel continues to dedicate large swaths of habeas petitions to restating the same foreclosed argument. At some point, sanctions may be warranted. *See*

Fed. R. Civ. P. 11 (explaining that when filing anything before the Court, an attorney "certifies that to the best of [his] knowledge," and "after an inquiry reasonable under the circumstances" the "legal contentions are warranted by existing law or by a nonfrivolous argument" for establishing new law).

The Court again reminds counsel that recent, binding authority from the Eighth Circuit holds that aliens who are "applicants for admission" under 8 U.S.C. § 1225(a) are also "seeking admission" and thus subject to mandatory detention under § 1225(b)(2)). *See Avila*, 170 F.4th at 1136-38. Because Sanchez Alvarado entered the United States without inspection, he remains an "applicant for admission" and § 1225(b)(2) mandates his detention. *See id.*

**C. Due Process**

As this Court has previously held, mandatory detention of certain categories of aliens (such as those present without inspection like Sanchez Alvarado) without a bond hearing does not violate due process. *See Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *2-5 (D. Neb. Apr. 8, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 526 (2003), *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024), and *Carlson v. Landon*, 342 U.S. 524, 538 (1952)). An alien may be detained without violating due process even if the alien is neither dangerous nor a flight risk. *See Mendez Leiva*, 2026 WL 948430, at *2-5 (citing *Demore*, 538 U.S. at 524-25, 531). Sanchez Alvarado's detention does not violate the Fifth Amendment's substantive- or procedural-due-process requirements.

Accordingly, petitioner Sebastian Sanchez Alvarado's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in its entirety. This case is dismissed. A separate judgment will issue.

IT IS SO ORDERED.

Dated this 8th day of October 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge